IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LENARD A. SMOCK, Jr.,
# B89585,

Petitioner,

vs.

JOHN R. BALDWIN,

Respondent.                                            Case No. 16-cv-282-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Lenard Smock, who is currently incarcerated at Big Muddy River Correctional Center, brings this federal habeas corpus action pursuant to 28 U.S.C. § 2254. (Doc. 1). Smock was convicted in Illinois state court of disorderly conduct and possession of methamphetamines on July 16, 2014. (*Id*. at 1). He was sentenced to five years of imprisonment on August 26, 2014. Smock filed an appeal to challenge his conviction and sentence on September 11, 2014. (*Id*. at 2). More than eighteen months later, the appeal remains pending. Smock now turns to this Court for federal habeas relief.

### I.   Habeas Petition

In his § 2254 petition, Smock contends that his appeal should have already been decided. (Doc. 1). He blames his court-appointed appellate counsel for the delays. (*Id*. at 3). Smock claims that his attorney requested numerous extensions of appellate deadlines. His attorney also agreed to several extensions requested

by the State. Appellate briefs are not due in the pending criminal appeal until June 13, 2016. (*Id*. at 2).

Smock is tired of waiting. He asks this Court to overturn his state court conviction on each of the same grounds raised in his appeal. He argues that his conviction was the product of: (1) an illegal search and seizure; (2) ineffective assistance of trial counsel; (3) a denial of access to the courts; (4) a lack of jurisdiction; (5) the denial of a speedy trial; (6) a violation of the separation of powers; (7) malicious prosecution; and (8) judicial bias. (*Id*. at 2-4). Smock seeks immediate release from incarceration. (*Id*. at 12). In addition, he requests physical protection from and criminal prosecution of "all perpetrators" who have deprived him of his constitutional rights.[1] (*Id*.).

## II. Discussion

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Dismissal of the petition is appropriate under this standard.

---

[1] Smock cannot compel a criminal prosecution of state officials by filing a petition for writ of habeas corpus. *See Town of Castle Rock, Colo. v. Gonzales,* 545 U.S. 748, 768 (2005); *Sandage v. Bd. of Comm'rs of Vanderburgh Cnty.,* 548 F.3d 595, 597 (7th Cir. 2008). A petition for writ of habeas corpus also cannot be use to request monetary damages or injunctive relief against state officials, based on the violation of his federal constitutional rights. In order to request this relief, Smock should file a civil rights complaint against the state officials pursuant to 42 U.S.C. § 1983.

Title 28 U.S.C. § 2254(a) grants federal courts jurisdiction to entertain an application for a writ of habeas corpus on behalf of a person who is in custody pursuant to a judgment of a state court on the ground that the person is in custody in violation of the Constitution or laws or treaties of the United States. Before a state prisoner's claims may be addressed in federal court, however, the law requires him to exhaust his state court remedies or show cause and prejudice for his failure to exhaust.  28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001).  In order to exhaust his remedies, a state prisoner must fairly present his claims in each appropriate state court including a state supreme court with powers of discretionary review.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  State prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A prisoner need not pursue all separate state remedies that are available to him, but he must give the state courts "one fair opportunity to pass upon and correct the alleged violations."  *McAtee*, 250 F.3d at 509; *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) ("Exhaustion is accomplished when claims have been presented to the highest state court for a ruling on the merits, or, when the claims could not be brought in state court because no remedies remain available at the time the federal petition is filed.").  If a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented," a petitioner will not be deemed to have exhausted the remedies

available in state court.  *See* 28 U.S.C. § 2254(c).

      Smock has disclosed no efforts to exhaust his state court remedies prior to filing the instant § 2254 petition.  He blames his own attorney for the delays in his appeal.  By all indications, he has made no effort to complain about his court-appointed appellate counsel to the state judiciary, either in his direct appeal, in a petition for post-conviction relief, or elsewhere.  *See, e.g.,* 725 ILCS 5/122-1 *et seq.*; *People v. Jackson*, 205 Ill. 2d 247 (Ill. 2002) (violations of the right to effective assistance of appellate counsel are cognizable under Illinois' Post-Conviction Hearing Act).  Smock is not precluded from filing a post-conviction petition or, if one is warranted, a successive post-conviction petition to address his claim of ineffective assistance of counsel.  *See People v. Harris*, 862 N.E.2d 960, 972 (Ill. 2007); 725 ILCS 5/122-1(f).  He is also not precluded from appealing an adverse decision on a post-conviction petition.  In other words, he still has the right to present his claims in state court as contemplated in § 2254(c), and he has clearly failed to do so.

      That said, the Seventh Circuit has suggested that unjustifiable delays in a direct criminal appeal may excuse a state petitioner from the exhaustion requirement and even give rise to an independent due process claim under the Fourteenth Amendment.  *Allen v. Duckworth*, 6 F.3d 458 (7th Cir. 1993) (assuming, without deciding, that excessive delay in state criminal appeal may amount to a denial of due process).  Smock has not raised a Fourteenth Amendment due process claim in his § 2254 petition.  Moreover, he describes no

inordinate or unjustifiable delay. The Court does not consider the 18-month delay excessive, particularly in light of the imminent briefing deadlines in Smock's state criminal appeal. *Harris v. Champion*, 938 F.2d 1062 (10th Cir. 1991) (4-year delay in briefing appeal excused state habeas petitioner from exhausting his state remedies). Further, Smock offers no reason why the delays are unjustifiable.

For the foregoing reasons, the Court finds that Smock is not entitled to relief because he has failed to exhaust his state court remedies. The § 2254 petition is therefore dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

### III. Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** without prejudice to any other habeas petition or civil rights action that petitioner wishes to file.

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED**. The appointment of counsel would have made no difference in this case because the § 2254 petition was filed prematurely.

Should petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the Court of Appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court

must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* This petition has been dismissed without prejudice because petitioner failed to exhaust his state court remedies prior to filing his § 2254 petition. Except in special circumstances, such a dismissal without prejudice is not a final appealable order, so a certificate of appeal ability is not required. *See Moore v. Mote,* 368 F.3d 754, 755 (7th Cir. 2004).

Further, pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (citation omitted). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

Here, no reasonable jurist would find it debatable whether this Court's ruling on the failure to exhaust state judicial remedies was correct. Accordingly, a

certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Signed this 21st day of April, 2016.**

Digitally signed by Judge David R. Herndon
Date: 2016.04.21 14:02:50 -05'00'

**United States District Judge**